**UNITED STATES of America,
Plaintiff-Appellant,**

v.

**Herbert Martin TILLMAN,
Defendant-Appellee.**

**No. 81–5436
Non-Argument Calendar.**

United States Court of Appeals,
Eleventh Circuit.

July 22, 1982.

Rehearing and Rehearing En Banc
Denied Sept. 28, 1982.

---

Harvey Robbins, James P. Ryan, N. Miami, Fla., for plaintiff-appellant.

Stephen B. Gillman, Sonia Escobio-O'Donnell, Asst. U. S. Attys., Miami, Fla., for defendant-appellee.

Before TUTTLE, RONEY and CLARK, Circuit Judges.

**1359**

PER CURIAM:

Convicted of corruptly offering $100,000 to a file clerk with the intent to induce her to act in violation of her lawful duty with respect to the unauthorized dissemination of Federal Bureau of Investigation information in violation of 18 U.S.C.A. § 201(b)(3), defendant Tillman raises on this appeal several points involving prosecutor's comments during opening and closing arguments, *Brady* material, and denial of a motion for a new trial. We affirm.

The FBI had been conducting an investigation which linked two men to a narcotics operation. After one of the men was served a grand jury subpoena and advised of the nature and purpose of the investigation, an attempt was made by defendant Tillman to obtain information from the FBI files relating to the investigation.

He contacted a friend, who was an FBI file clerk, and asked her if she knew agents Kirsche or Copus who had served the subpoena on defendant's friend. She replied that she had heard of the agents but when questioned indicated she did not know either of the men under investigation. Defendant told the file clerk that the men were friends of his and they wanted to know what the FBI was looking for and what they had on them. Defendant told the file clerk that he would do anything to help them and they would pay her $100,000 for the information.

The file clerk reported the matter to her supervisor and prepared a sworn, signed statement. Following the report, the FBI placed a monitoring device on the file clerk's telephone which revealed subsequent contact by defendant.

■ Defendant asserts impropriety when the prosecutor argued on the Government's opening and closing statement that the defendant was associated with an investigation of a third party concerning drug traf-

ficking and murder. Comments by the prosecutor must be viewed in the context of the entire record, *United States v. McRae*, 593 F.2d 700, 706 (5th Cir.), *cert. denied*, 444 U.S. 862, 100 S.Ct. 128, 62 L.Ed.2d 83 (1979);[1] *United States v. Juarez*, 566 F.2d 511, 516 (5th Cir. 1978), in order to determine whether there is prejudice which affected the substantial rights of defendant. *See Berger v. United States*, 295 U.S. 78, 55 S.Ct. 629, 79 L.Ed.2d 1314 (1935); *United States v. Corona*, 551 F.2d 1386 (5th Cir. 1977); *United States v. Rodriguez*, 503 F.2d 1370 (5th Cir. 1974).

■ To make its case under 18 U.S.C.A. § 201(b)(3), the Government had to prove that the defendant directly or indirectly offered or promised to the FBI file clerk something of value in order to induce a breach of duty in maintaining confidential FBI investigative files.

The investigation of defendant's friends was mentioned by the prosecutor in argument, and testified to at trial, because that was the underlying investigation about which information was sought when the offer of $100,000 was made to the file clerk. The admission of the evidence relating to the investigation, and the comment thereon, was therefore proper. *See United States v. Allison*, 474 F.2d 286 (5th Cir. 1973).

■ Contrary to defendant's position that the court improperly precluded discovery of relevant evidence in violation of *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), the trial court properly conducted an in camera inspection of the file clerk's personnel file, in response to defendant's motion for production of the file, and determined that nothing in the file would touch upon her credibility or integrity. Thus the file contained no *Brady* material, that is, material that would be favorable to the defense or might have affected the outcome of the trial. *United States v. Agurs*, 427 U.S. 97, 104, 96 S.Ct. 2392, 2397, 49 L.Ed.2d 342 (1976); *United States v. Anderson*, 574 F.2d 1347, 1353 (5th Cir. 1978). The district court followed the pre-

1. The Eleventh Circuit, in the en banc decision of *Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981), adopted as precedent the deci-

sion of the Former Fifth Circuit decided prior to October 1, 1981.

cise procedure directed by the court in *United States v. Deutsch*, 475 F.2d 55 (5th Cir. 1973), and having found that the file contained nothing favorable to the defense, properly refused disclosure of the file to the defendant.

Defendant contends the trial court erred in denying his motion for a new trial based on alleged newly discovered evidence that the file clerk's stepmother linked her stepdaughter and an FBI agent romantically for a two year period. The existence of a social relationship between the file clerk and the FBI agent was made known at trial. Thus there was no *Brady* violation. The length of the relationship, which was allegedly not known, is at best only supportive of evidence already elicited regarding the relationship. This so-called newly discovered evidence, with any degree of diligence could have been elicited at trial by defense counsel. The motion for a new trial being addressed to the sound discretion of the trial judge, there was no error in the denial. *See United States v. Antone*, 603 F.2d 566, 568 (5th Cir. 1979); *United States v. Rubin*, 433 F.2d 442, 445 (5th Cir. 1970), *cert. denied*, 401 U.S. 945, 91 S.Ct. 961, 28 L.Ed.2d 228 (1971).

AFFIRMED.